# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**Case No.:**

Brooke Velez,
Plaintiff,

vs. Case No.:

Adventhealth Palm Coast Parkway,
Inc., d/b/a Adventhealth Palm Coast Parkway
A Florida Corporation,
Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brooke Velez, ("Plaintiff"), by and through her undersigned attorneys files this complaint and sues the Defendant, Adventhealth Palm Coast Parkway Inc., d/b/a Adventhealth Palm Coast Parkway, a Florida Corporation ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., based on gender discrimination, hostile work environment, quid pro quo sexual harassment, national origin discrimination, and retaliation, and in support states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e-5(f)(3).

2. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because the Plaintiff was employed with the Defendant and all of the acts of discrimination took place within this judicial district.

## PARTIES

3. Plaintiff is a female of Hispanic descent who resides in Palm Coast, Florida.

4. Defendant is a corporation doing business in the State of Florida, operating a hospital in Palm Coast, Florida. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

5. Plaintiff has fulfilled all conditions precedent to the institution of this action. Specifically:

a) Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 1, 2024. A true and correct copy of the EEOC Charge is attached as *Exhibit A*.

b) The EEOC issued a Notice of Right to Sue on August 13, 2024. A true

and correct copy of the Notice is attached as *Exhibit B.*

c) This action is being commenced within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

6. Plaintiff began her employment with Defendant on December 1, 2023 as a Registered Nurse at Defendant's hospital in Palm Coast, Florida.

7. Throughout her employment, Plaintiff performed her job duties in a satisfactory manner and met or exceeded Defendant's legitimate expectations.

8. From the start of her employment, Plaintiff was subjected to sexual harassment by Bryan Parker ("Parker"), a First Assistant employed by Defendant, and Dr. Zimmet ("Zimmet"), a physician employed by Defendant.

9. Parker sexually harassed Plaintiff on an almost daily basis from December 2023 through July 2024. Parker's harassing conduct included, but was not limited to:

a) Grabbing Plaintiff from behind on the waist and buttocks at least 2-3 times per week;

b) Sending vulgar and sexually explicit text messages to Plaintiff multiple times per week (true and correct copies of these text messages are attached as *Exhibit C*;

c) Making lewd comments about Plaintiff's body and appearance;

   d) Repeatedly pressuring Plaintiff to engage in sexual acts with him.

  10. On multiple occasions between January 2024 and June 2024, Zimmet groped Plaintiff's breasts and buttocks without her consent.

  11. Plaintiff reported Parker's sexual harassment to her supervisor, Nurse Gisselle (last name unknown), in February 2024. No action was taken in response to this report.

  12.. On July 19, 2024, Plaintiff submitted a formal written complaint to Defendant's Human Resources department detailing the ongoing sexual harassment by Parker and Zimmet.

  13. Neither Parker nor Zimmet were disciplined as a result of Plaintiff's complaints.

  14. After submitting her complaint to Human Resources, Plaintiff experienced retaliation in the form of:

  a) Being issued a written warning for "poor performance" on September 1, 2024, despite consistently meeting or exceeding job expectations;

  b) Having her work hours reduced;

  c) Being excluded from staff meetings and training opportunities;

  d) Being subjected to increased scrutiny and criticism of her work.

  15. On November 15, 2024, less than four months after her formal

complaint to Human Resources, Plaintiff was terminated from her position. The reasons given for Plaintiff's termination were "violation of company policies" and "continued poor performance."

16. The reasons given for Plaintiff's termination were pretextual. Plaintiff had not violated any company policies and her job performance remained satisfactory. Defendant failed to follow its normal disciplinary procedures in terminating Plaintiff without prior warnings or an opportunity to improve.

17. In addition to the sexual harassment, Plaintiff was subjected to discrimination based on her Hispanic national origin. Specifically:

a) Plaintiff was given less desirable work assignments compared to non-Hispanic nurses with similar qualifications and experience;

b) Plaintiff was denied opportunities to work overtime shifts that were offered to non-Hispanic nurses;

c) Plaintiff was subjected to stricter scrutiny of her work and harsher discipline than non-Hispanic nurses;

d) Supervisors made derogatory comments about Plaintiff's accent and English language skills.

18. Upon information and belief, non-Hispanic nurses with similar qualifications and experience as Plaintiff, were treated more favorably than Plaintiff in terms of work assignments, discipline, and opportunities for advancement.

## COUNT I
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above as if fully set forth herein.

20. Plaintiff, a female, is a member of a protected class under Title VII.

21. Plaintiff was subjected to unwelcome sexual harassment by Parker and Zimmet as described in paragraphs 9-10 above.

22. The harassment was based on Plaintiff's sex.

23. The harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

24. Defendant knew or should have known of the harassment and failed to take prompt and effective remedial action.

25. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages including lost wages and benefits, emotional distress, mental anguish, loss of dignity, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

a) Back pay and benefits;

b) Front pay and benefits;
c) Compensatory damages;
d) Punitive damages;
e) Prejudgment interest;
f) Attorneys' fees and costs;
g) Injunctive relief; and
h) Such other relief as the Court deems just and proper.

## COUNT II
## QUID PRO QUO SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

26. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above as if fully set forth herein.

27. Plaintiff's submission to unwelcome sexual advances was implicitly made a term or condition of her employment.

28. Plaintiff's rejection of unwelcome sexual advances resulted in tangible adverse employment actions, including but not limited to unwarranted discipline and termination.

29. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages including lost wages and benefits, emotional distress, mental anguish, loss of dignity, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

a) Back pay and benefits;

b) Front pay and benefits;
c) Compensatory damages;
d) Punitive damages;
e) Prejudgment interest;
f) Attorneys' fees and costs;
g) Injunctive relief; and
h) Such other relief as the Court deems just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

30. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above as if fully set forth herein.

31. Plaintiff engaged in protected activity by reporting sexual harassment to her supervisor in February 2024 and to Human Resources on July 19, 2024.

32. Plaintiff suffered adverse employment actions, including unwarranted discipline and termination, because of her protected activity.

33. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as evidenced by the close temporal proximity between her complaints and her termination.

34. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages including lost wages and benefits, emotional distress, mental anguish, loss of dignity, and other

compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

a) Back pay and benefits;
b) Front pay and benefits;
c) Compensatory damages;
d) Punitive damages;
e) Prejudgment interest;
f) Attorneys' fees and costs;
g) Injunctive relief; and
h) Such other relief as the Court deems just and proper.

## COUNT IV
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above as if fully set forth herein.

36. Plaintiff is a member of a protected class based on her Hispanic national origin.

37. Plaintiff was qualified for her position and was performing her job duties satisfactorily.

38. Plaintiff suffered adverse employment actions as described in paragraph 17 above.

39. Similarly situated non-Hispanic employees were treated more favorably than Plaintiff.

40. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages including lost wages and benefits, emotional distress, mental anguish, loss of dignity, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

a) Back pay and benefits;
b) Front pay and benefits;
c) Compensatory damages;
d) Punitive damages;
e) Prejudgment interest;
f) Attorneys' fees and costs;
g) Injunctive relief; and
h) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.**

Dated: October 16, 2024

Respectfully submitted,

/s/ Jay F. Romano
Jay F. Romano, Esquire
Florida Bar No. 0934097
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Telephone: (561) 271-1769
Email: jromanopa@gmail.com
Attorney for Plaintiff